UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BREX INC., <br><br>                  Plaintiff, <br><br> v. <br><br> RYAN MACK, <br><br>                  Defendant. | CIVIL ACTION <br> NO.: 1:24-cv-04192-JLR |

## **STIPULATED PERMANENT INJUNCTION ORDER**

Without any admission of fault or liability, and with the undersigned parties having entered into a Confidential Settlement Agreement and Release of Claims otherwise disposing of the above-captioned action, the Court now enters the following Stipulated Permanent Injunction based on the agreement of the parties:

1. Ryan Mack ("Mack"), and anyone acting in concert with him, is permanently enjoined from accessing, utilizing, relying upon, divulging, using, transferring, reproducing, copying, storing, distributing, misappropriating and/or disclosing in any way any confidential information and/or trade secrets belonging to, or arising from his employment with, Brex Inc. ("Brex") and/or any of its subsidiaries or affiliates.

2. Mack shall promptly destroy any copy of confidential information and/or trade secrets belonging to, or arising from his employment with, Brex that he may discover to be in his possession at any time following the entry of this Order.

9

3. Mack is enjoined for a period of one year from the date of entry of this Order from directly or indirectly (including through others) soliciting, inducing, encouraging, or actively participating in the solicitation, inducement, or encouragement of any person known to him to be Brex's employee, consultant, or independent contractor to terminate his or her relationship with Brex, including by assisting in the recruitment or interviewing of any such individual by his employer.

4. Mack is enjoined for a period of one year from the date of entry of this Order from directly or indirectly, (whether as employee, consultant, referral source, independent contractor, owner, officer, partner, principal, joint venturer, shareholder, director, member, manager, investor, agent, or otherwise), selling, promoting or providing, or attempting to sell, promote or provide, any Competitive Products or Services to any person or entity that was, at any point during the 24-month period ending on January 17, 2024: (a) a customer, client, prospect or referral source of Brex with whom or with which Mack had any personal contact or for whom or for which Mack had any responsibility during such period; or (b) a customer, client, prospect, or referral source of Brex that Mack was involved in soliciting or attempting to solicit on Brex's behalf, at any point during the 24-month period ending on January 17, 2024. "Competitive Products or Services" means any products or services that Brex sold or provided or was actively preparing to sell or provide during Mack's employment by the Company.

5. The Court shall retain jurisdiction to enforce the terms of this Stipulated Permanent Injunction, and should any dispute arise hereunder, the parties may file a motion to reinstate the above-referenced action to present arguments concerning the appropriate enforcement of this Stipulated Permanent Injunction.

THE FOREGING IS HEREBY STIPULATED AND AGREED TO BY THE PARTIES.

| BREX INC. | RYAN MACK |
|---|---|
| By: /s/ Miguel A. Lopez | By: /s/   Michael H. Reed |
| Miguel A. Lopez<br>Littler Mendelson, P.C.<br>900 Third Ave., 8th Fl.<br>New York, NY 10022 | Michael Reed<br>Yankwitt, LLP<br>140 Grand Street, Suite 705<br>White Plains, NY 10601 |

**IT IS SO ORDERED.**
Dated: September 26, 2024
       New York, New York

_____
Hon. Jennifer L. Rochon

11